```
 1
 2
 3
 4
 5
 6
 7                    UNITED STATES DISTRICT COURT
 8              FOR THE EASTERN DISTRICT OF CALIFORNIA
 9
   GUADALUPE NAVARRO AND
10 DANIEL NAVARRO
                                    NO. CIV. S-10-0457 LKK/DAD
11         Plaintiff,
12      v.
                                         O R D E R
13 BANK OF AMERICA FKA
   COUNTRYWIDE HOME LAOSN, INC.;
14 AMERICA'S WHOLESALE LENDER;
   MORTGAGE ELECTRONIC
15 REGISTRATION SYSTEMS, INC.;
   OMEGA REALTY AND HOME LOANS;
16 LARRY LEE HARTMAN; and DOES
   1-20 inclusive,
17
           Defendants.
18 _____/
19
        This suit concerns plaintiffs' home loan.  Plaintiffs bring
20
   a claim under the Real Estate Settlement Procedures Act, 12 U.S.C.
21
   §§ 2601-2617, ("RESPA"), and eight claims under state law. This
22
   suit was originally filed in state court on December 28, 2009.
23
   Defendant Bank of America removed to this court on the basis of
24
   federal question jurisdiction and filed a motion to dismiss.  The
25
   motion to dismiss was filed on March 1, 2010 and noticed for
26
```

hearing on April 19, 2010. Although the complaint names four additional defendants, none of these defendants have stated an appearance before this court, and it is unclear whether they were served in state court.

On March 25, 2010, plaintiffs attempted to file an amended complaint abandoning the RESPA claim.[1] Fed. R. Civ. P. 15(a)(1), as amended December 1, 2009, provides that:

> A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Under this rule, it appears that the amended complaint is untimely. More than 21 days have passed since the initial complaint was served on Bank of America and since Bank of America served its motion to dismiss. Accordingly, plaintiffs may not amend as a matter of course. To the extent that plaintiffs seek leave to amend, defendants will presumably oppose on the ground that amendment is futile, for the reasons stated in the pending motion to dismiss.

It is clear that plaintiffs hope to abandon all bases for federal jurisdiction and return to state court. The proposed amended complaint abandons the only federal cause of action, and

---

[1] The court notes that the proof of service plaintiffs attached to this amended complaint indicates that the amended complaint was only served on Bank of America.

2

it appears that the remaining state law claims do not support the exercise of federal question jurisdiction. See Grable & Sons Metal Prods. v. Darue Eng'q & Mfg., 545 U.S. 308, 314 (2005). If the bases for federal question jurisdiction have been abandoned, this court will decline to retain supplemental jurisdiction over the remaining state law claims. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988), Gini v. Las Vegas Metropolitan Police Dept., 40 F.3d 1041, 1046 (9th Cir. 1994) ("[I]n the usual case in which federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims.")(quoting Schneider v. TRW Inc., 938 F.2d 986, 993 (9th Cir. 1991)).

Although the amended complaint is procedurally improper, in the interests of judicial economy, the court ORDERS as follows:

1. Plaintiffs' first amended complaint, Dkt. No. 14, is construed as (1) a statement of non-opposition to the motion to dismiss insofar as it challenges the abandoned claims and (2) a motion for remand.

2. Defendant Bank of America's motion to dismiss, Dtk. No. 10 is GRANTED IN PART. Plaintiffs' claims for violation of RESPA and Cal. Civ. Code § 1632 are DISMISSED WITH PREJUDICE. The remainder of the motion to dismiss is SUBMITTED.

3. The hearing on the pending motion to dismiss currently set for April 19, 2010 is VACATED.

4. Notwithstanding the above, plaintiffs' opposition or

1          statement of non-opposition to the remaining portions of
2          the motion to dismiss REMAINS DUE on April 5, 2010.
3     5.   Insofar as the court construes the amended complaint as
4          a motion to remand, defendants MAY file an opposition on
5          or before April 19, 2010.
6     6.   The court otherwise STRIKES the remainder of the first
7          amended complaint, Dkt. No. 14.  The original complaint
8          remains the operative complaint.
9   IT IS SO ORDERED.
10  APRIL 2, 2010

                                    /s/ Lawrence K. Karlton
                                    LAWRENCE K. KARLTON
                                    SENIOR JUDGE
                                    UNITED STATES DISTRICT COURT

4